Mrs. Dena Grabbe Reeves 1525 Cortland Street Fayetteville, Arkansas 72703
Dear Mrs. Reeves:
This is in response to your letter of June 12, 1995, in which you request that I prevent the release of certain documents by the University of Arkansas, your former employer, in response to an Freedom of Information Act ("FOIA") request. Specifically, a Mr. Dick Cottrill, your former supervisor, has requested access to certain records including "personnel action forms" and letters of resignation of employees of a particular department of the University during a given time period. The University officials have concluded that the documents are subject to release under the provisions of the FOIA (codified at A.C.A. §§ 25-19-101 through -107 (1987 and Cum. Supp. 1993)) because "they do not contain the type of information which could be embarrassing or sensitive to state employees, and their disclosure would not constitute a clearly unwarranted invasion of employees' personal privacy." It is this decision which gives rise to your objection.[1]
I should note that I have not been provided with the records in question, and thus cannot make a conclusive determination as to their disclosability under the FOIA. I will note, however, that the type of "personnel action forms" of the University which I have previously reviewed (see Op. Att'y Gen. 95-131) do not ordinarily contain the type of information which would give rise to a "clearly unwarranted invasion of personal privacy," under A.C.A. § 25-19-105(b)(10). Under the FOIA, personnel records are disclosable unless their release would constitute such an invasion.[2] Id. It is therefore my opinion that the University's decision in this regard is in all likelihood consistent with the provisions of the FOIA.
The letter of resignation which has been requested is, in my opinion, subject to the same test. This office has previously opined that, generally, a letter of resignation is not an "employee evaluation or job performance record" under the FOIA (A.C.A. § 25-19-105(c)(1)). See Op. Att'y Gen. 88-147. Rather, as a general matter, such a record should be evaluated under § 25-19-105(b)(10) pertaining to "personnel records." Personnel records are exempt from disclosure only to the extent that disclosure would constitute "clearly unwarranted invasion of personal privacy." Id. If exempt information can be removed, it is to be excised and the remainder made available for public inspection and copying. Op. Att'y Gen. 88-078.
The test to determine to what extent personnel records are exempt from disclosure is an objective test that has developed through case law. The fact that an employee may consider release of the records invasive of his or her privacy is not relevant to the analysis. Op. Att'y Gen. 93-055. The Arkansas Supreme Court, in the case of Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992), adopted a balancing test in applying subsection (b)(10). The court stated:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
308 Ark. at 598.
In Young, the Court upheld the denial of access to the names of police officers participating in the lieutenant promotion examination proceedings, but allowed release of the records of the examination with the names deleted. The Court relied upon federal case law which finds a substantial privacy interest in records relating the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. The Court found that some of the actions of the police officers when taking the role-playing portion of the examination were "embarrassing behaviors" touching on "intimate details of the candidates' lives," and the release of the information could subject them to embarrassment and perhaps threaten future employment. Id. The Court therefore found a substantial privacy interest in the records. The court also found a substantial public interest in the records, but concluded that the public's interest was satisfied by the release of the examination records with the candidate's names deleted.
With regard, generally, to resignation letters, this office has previously opined that a statement detailing the employee's intent to cease employment on a certain date does not implicate the privacy concerns reflected in § 25-19-105(b)(10). Op. Att'y Gen. 89-077 (copy enclosed). And in at least one instance, comments in a resignation statement regarding the employee's justifications for resigning were not deemed sufficiently "personal in nature" to implicate a privacy interest under the FOIA. Id., citing McCambridge v. City of Little Rock,298 Ark. 219, 230, 766 S.W.2d 909 (1989) (regarding the test for what type of information is "personal" under a constitutional privacy analysis).[3]
Whether any additional information in a statement of resignation constitutes the type of intimate detail which might subject the individual to embarrassment, disgrace, or loss of employment (see Young,
above), will of course require a factual determination in each instance. A resignation statement might, for example, contain information concerning the effect of the job on the employee's life, possibly implicating a substantial privacy interest. The public's interest in disclosure must then be considered. See generally J. Watkins, TheArkansas Freedom of Information Act 126-130 (2d ed. 1994) (regarding the two-step balancing process under subsection (b)(10)). This office has suggested, however, based upon federal case law, that if the privacy interest is de minimus, there is no need to proceed further with the analysis, and the information is disclosable. Ops. Att'y Gen. 93-131 and 90-335.
It becomes apparent that the required analysis under § 25-19-105(b)(10) is factually intensive and demands a case-by-case determination. I cannot state, however, absent a review of the records, that the University's decision in this regard is inconsistent with the provisions of the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Although you have asked that I prevent the release of these records, my authority is limited by A.C.A. § 25-19-105(c)(3)(B) to determining whether the decision of the custodian of the records is consistent with the act.
[2] For a discussion of what types of information would constitute such an invasion, see discussion infra.
[3] In McCambridge, 298 Ark. at 230, the court said:
 [A] `personal matter' ought to be information: (1) that the individual wants to and has kept private or confidential, (2) that, except for the challenged governmental action, can be kept private or confidential, and (3) that to a reasonable person would be harmful or embarrassing if disclosed.